849 F.2d 1472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eva J. CULBERSON, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, Defendant-Appellee.
 No. 87-1708.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1988.
 
 Before MILBURN, RALPH B. GUY, Jr., and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Eva Culberson appeals a judgment for the defendant in this action brought pursuant to the Equal Pay Act, 28 U.S.C. Sec. 206(d), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq.
 
 
 2
 Ms. Culberson graduated from the University of Detroit College of Law in May of 1979. On September 20, 1979, while awaiting the results of the bar examination, she filed an application for employment with the local District Counsel's Office of the Veterans Administration ("VA") in Detroit, Michigan. She applied for the position of attorney. On her application, Ms. Culberson indicated that she would start as of October 1, 1979, and that she would accept a minimum salary of $16,000.00.
 
 
 3
 The head of the VA District Counsel's Office in Detroit was John McMillan, who held the title of District Counsel. At that time, however, he was on leave of absence and Assistant District Counsel Ted Fernholz was in charge. Fernholz interviewed Ms. Culberson two or three times for the position, was impressed, and recommended to the General Counsel Office in Washington that she be hired.
 
 
 4
 In order to qualify for the position of general attorney, the VA's personnel regulations require that one must have passed the bar examination. McMillan testified at trial that it is unusual for the VA to even interview persons for attorney positions who have yet to pass the bar examination, and that all previous hirings at the Detroit office had been restricted to persons who had already passed the bar.
 
 
 5
 It is uncontroverted that a local District Counsel of the VA does not have the authority to hire employees or establish the terms of employment for its employees. The General Counsel in Washington, D.C., is in control of these determinations. The local office is only empowered to interview potential candidates and to send a list of potential candidates to the General Counsel's Office with a recommendation as to which candidate or candidates should be hired.
 
 
 6
 In response to a perceived "bracket creep," all local District Counsel Offices at the time of Ms. Culberson's hiring were restricted to hiring attorneys at the GS-9 grade level. The GS-9 grade level was the original entry level for attorneys in the VA. Over time, however, bracket creep had resulted in the average grade level of entering attorneys being at the GS-11 grade level. However, in late 1977 or 1978, the VA was instructed to reduce the entry grade level to GS-9. Therefore, at the time of Ms. Culberson's hiring, virtually all entry level attorneys were hired at the GS-9 grade level. The few exceptions occurred when a District Counsel's office could not find any applicants willing to work at that grade. Ms. Culberson's salary demand of $16,000.00 was less than the existing GS-9 grade level rate of $17,335.00. As a result, her name was included in the list of candidates willing to accept a GS-9 grade level.
 
 
 7
 Pursuant to the local District Counsel's recommendation, the General Counsel hired Ms. Culberson on October 21, 1979. As she had not yet received her bar examination results, she was hired as a law clerk. While the Detroit office had never previously employed anyone as a law clerk, the position had been used elsewhere in the VA for law school graduates who had not yet passed the bar. It is uncontroverted that the understanding between the VA and Ms. Culberson was that if she passed the bar examination, her law clerk's position would be converted into a general attorney position. At trial, Ms. Culberson contended that Fernholz also informed her that her grade level would be converted from GS-9 to GS-11 upon her passing the bar. This was denied by Fernholz, who insisted he informed Ms. Culberson that her grade level would stay the same if her position were converted to that of an attorney.
 
 
 8
 Two weeks after she was hired, Ms. Culberson received word that she had passed the bar examination. The VA then converted her position to that of attorney, but declined her demand that she be given a grade and pay increase to the GS-11 level. Under the VA's personnel regulations, when an employee is hired at the GS-9 grade level, the employee must wait at least a year before being eligible for promotion to GS-11. The local District Counsel office informed Ms. Culberson that they could not consider giving her a promotion to the GS-11 grade level until she met the one-year time-in-grade requirement.
 
 
 9
 Ms. Culberson then filed a discrimination complaint. In an effort to resolve the dispute, McMillan sent a letter to the General Counsel's Office on August 8, 1980, seeking an exception to the time-in-grade rule to allow Ms. Culberson to be promoted to the GS-11 grade level prior to one year in service. McMillan stated that she was performing at or above the GS-11 grade level. However, the General Counsel's Office declined to make an exception. While several exceptions had been requested in the past, the General Counsel's Office has never granted one. After Ms. Culberson served one year at grade GS-9, she was promoted to grade level GS-11. At the present time, Ms. Culberson is still employed by the Detroit office of the VA and is currently a GS-13, having received all the grade promotions available to her.
 
 
 10
 At the time of Ms. Culberson's hiring, Richard Cunningham also began working at the office as a general attorney. Cunningham, a ten-year employee of the VA, had become an attorney six months prior to his reassignment. He had previous experience as the chief of Field Services in another area of the VA and was allowed to keep his GS-12 grade on reassignment.
 
 
 11
 In 1977, the Detroit office hired Ms. Maureen Faes, a white female, as a general attorney. At the time of her employment, Ms. Faes had been a member of the bar for two years and had previous experience as a schoolteacher. She was hired at the grade level of GS-11, which was the approved entry level at that time.
 
 
 12
 Shortly after Ms. Culberson's employment, in January and March of 1980, two white male attorneys were hired to work in the Detroit office. They were, like Ms. Culberson, recent bar admittees and were hired, like Ms. Culberson, at the GS-9 grade level and promoted to the GS-11 grade level in one year.
 
 
 13
 After exhausting administrative remedies, Ms. Culberson filed an action in the district court on April 12, 1983, claiming race and sex discrimination under Title VII and a violation of the Equal Pay Act. In essence, the basis of all of Ms. Culberson's claims is the fact that attorneys Faes and Cunningham were employed at a grade and salary level higher than she was by the Detroit office. After a two-day bench trial, the district court found against Ms. Culberson on all counts and entered a judgment in favor of the defendant on January 2, 1987.
 
 
 14
 The district court found that Ms. Culberson had failed to establish a prima facie claim under either the Equal Pay Act or Title VII. Even if she had established a prima facie claim, the court held that legitimate business reasons justified any pay differential. We agree.
 
 
 15
 Therefore, upon consideration of the entire record, the briefs filed herein, and after oral argument, we AFFIRM the judgment of the district court for the reasons set forth in its Findings of Fact and Conclusions of Law on July 2, 1987.